UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FINANCIAL CORPORATION OF AMERICA, INC.,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CASE NO. 1:15-cv-15 |
| **HMC/CAH CONSOLIDATED, INC. AND RURAL COMMUNITY HOSPITALS OF AMERICA, LLC,** | § § § § § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Financial Corporation of America, Inc. (referred to hereafter as "FCOA"), files this Original Complaint against HMC/CAH Consolidated, Inc. and Rural Community Hospitals of America, LLC (referred to hereafter as "RCHA") and in furtherance thereof would show as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of these matters pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

2. Plaintiff is a corporation organized and existing under the laws of the State of Texas whose principal place of business is in the State of Texas.

3. Defendant, HMC/CAH Consolidate, Inc., is a corporation organized and existing under the laws of the State of Delaware which may be served by service upon its registered agent, Corporation Service Company, at 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

4. Defendant, RCHA, is a limited liability company organized and existing under the laws of the State of West Virginia. The Managers and Members of RCHA are Steve White, Paul Nusbaum, both of whom are residents of West Virginia, and Larry Arthur, a resident of Missouri. RCHA may be served by service upon its manager, Steven F. White, at 332 6th Avenue, South Charleston, West Virginia 25303.

5. Plaintiff seeks to recover sums far in excess of seventy-five thousand dollars from Defendants.

6. Venue is proper in this district for the reason that a substantial part of the events or omissions giving rise to the claim occurred within this District.

## FACTUAL BACKGROUND

7. On or about May 23, 2014, Plaintiff and Defendants entered into an agreement (referred to hereafter as "the Agreement") whereby Plaintiff was to collect unpaid accounts for Defendants and Defendants were to pay Plaintiff for its collection efforts.

8. Defendants agreed to remit all fees due to Plaintiff upon receipt of a remittance statement.

9. The Agreement provided that either party could terminate the agreement by giving the other party sixty (60) days written notice of termination by certified mail.

10. The Agreement further provided that Plaintiff was to continue to receive new placements of accounts to be collected during the sixty (60) day termination period and was to retain the existing inventory subsequent to the effective termination date.

11. On or about November 1, 2014, RCHA attempted to advise Plaintiff of its intention to terminate the agreement. However, it did not, as required by the Agreement, do so by certified mail. Plaintiff received the termination notice on November 10, 2014.

12. Defendants have violated the Agreement by failing to compensate Plaintiff as agreed for past collection efforts.

13. Defendants have further violated the Agreement by failing to continue to place accounts with Plaintiff for collection during the sixty-day termination period.

14. Defendants have further violated the Agreement by demanding that all of the accounts be returned to RCHA.

## CAUSES OF ACTION

15. All conditions precedent to contract formation and to the defendant liability under the contract have occurred or have been performed by the plaintiff.

16. Despite the performance of Plaintiff, Defendants, in violation of their obligations and promises under the contract described above, have wrongfully refused to compensate Plaintiff for the sums of money to which it is entitled pursuant to the contract in question, have failed to continue to place accounts with Plaintiff for collection, and have demanded that accounts be returned to Defendants all in breach of the terms and conditions of the contract in question.

17. Pleading in the alternative, and not by the way of election, Plaintiff would show that it is entitled to recover pursuant to *quantum meruit*. Plaintiff provided valuable services for or to Defendant. These services were accepted, used, and enjoyed by Defendants under such circumstances as reasonably notified Defendants that Plaintiff in performing such services was expecting to be paid by Defendants.

18. Plaintiff is entitled to recover from Defendants all monies due to it for past efforts in addition to the sums which Plaintiff would have earned had Defendants continued to place accounts with Plaintiff for collection as agreed and for those sums which Plaintiff would have earned had Defendants not recalled existing accounts in violation of the agreement.

19. Plaintiff is entitled to recover reasonable and necessary attorney's fees under Texas Civil Practice & Remedies Code §§ 38.001(1), (2), (3), (7), or (8).

20. Plaintiff seeks to recover the maximum amount of pre-judgment interest allowed by law, if any.

21. Plaintiff seeks to recover the maximum amount of post-judgment interest allowed by law.

WHEREFORE, Plaintiff respectfully requests that Defendants appear and answer herein and that upon the trial of these matters, Plaintiff recover all relief requested, including attorney's fees, and for such other and further relief, both at law and in equity, to which Plaintiff may be justly and legally entitled.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*//s// Ed Walton*
Ed Walton
SBN: 20828550
5615 Kirby Dr., Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Telecopier: (713) 622-8077
Email: ewalton@bushramirez.com

**ATTORNEY FOR PLAINTIFF,
FINANCIAL CORPORATION OF
AMERICA, INC.**