IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FINANCIAL CORPORATION OF AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:15-cv-15 |
| v. | ) ) ) | |
| HMC/CAH CONSOLIDATED, INC. AND RURAL COMMUNITY HOSPITALS OF AMERICA, LLC, | ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANT HMC/CAH CONSOLIDATED, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant HMC/CAH Consolidated, Inc. ("HMC/CAH"), Answers Plaintiff, Financial Corporation of America, Inc.'s ("FCOA") Complaint as follows:

### JURISDICTION AND VENUE

1. The allegations in paragraph 1 are legal conclusions to which no response is required. Answering further, HMC/CAH denies that Plaintiff has asserted any valid claims against it.

2. HMC/CAH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies same.

3. HMC/CAH admits the allegations contained in paragraph 3 of the Complaint.

4. HMC/CAH is without knowledge or information to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5. The allegations in paragraph 5 do not constitute factual assertions and therefore neither an admission nor a denial is required of HMC/CAH. To the extent paragraph 5 states a factual assertion, HMC/CAH denies those allegations.

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, HMC/CAH denies those allegations.

7. HMC/CAH admits that on May 23, 2014 it entered into an agreement with Plaintiff and others. HMC/CAH states that the May 23 Agreement speaks for itself and it denies Plaintiff's attempts to characterize the Agreement and refers to that Agreement in its entirety for its content, meaning and affect and denies any allegation in paragraph 7 that is inconsistent with or contrary to the express written provisions of the Agreement. HMC/CAH denies the remaining allegations in paragraph 7.

8. HMC/CAH states that the May 23 Agreement speaks for itself and it denies Plaintiff's attempts to characterize the Agreement and refers to that Agreement in its entirety for its content, meaning and affect and denies any allegation in paragraph 8 that is inconsistent with or contrary to the express written provisions of the Agreement. HMC/CAH denies the remaining allegations in paragraph 8.

9. HMC/CAH states that the May 23 Agreement speaks for itself and it denies Plaintiff's attempts to characterize the Agreement and refers to that Agreement in its entirety for its content, meaning and affect and denies any allegation in paragraph 9 that is inconsistent with or contrary to the express written provisions of the Agreement. HMC/CAH denies the remaining allegations in paragraph 9.

10. HMC/CAH states that the May 23 Agreement speaks for itself and it denies Plaintiff's attempts to characterize the Agreement and refers to that Agreement in its entirety for

its content, meaning and affect and denies any allegation in paragraph 10 that is inconsistent with or contrary to the express written provisions of the Agreement.  HMC/CAH denies the remaining allegations in paragraph 10.

11. In response to paragraph 11, HMC/CAH states that on November 1, 2014 the Plaintiff was notified that the May 23 Agreement was being terminated.  HMC/CAH states that the termination notice and the May 23 Agreement speak for themselves and HMC/CAH denies Plaintiff's attempt to characterize either the November 1 Notice or the May 23 Agreement and it refers to the Notice and Agreement in their entirety for their content, meaning and affect and HMC/CAH denies any allegation that is inconsistent with or contrary to the express written provisions of the Notice or the Agreement.  HMC/CAH denies the remaining allegations contained in paragraph 11.

12. HMC/CAH denies the allegations contained in paragraph 12 of the Complaint.

13. HMC/CAH denies the allegations contained in paragraph 13 of the Complaint.

14. HMC/CAH denies the allegations contained in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 are legal conclusions to which no response is required.  To the extent the allegations in paragraph 15 are not legal conclusions, HMC/CAH denies those allegations.

16. HMC/CAH denies the allegations contained in paragraph 16 of the Complaint.

17. HMC/CAH denies the allegations contained in paragraph 17 of the Complaint.

18. The allegations in paragraph 18 are legal conclusions to which no response is required.  To the extent that the allegations in paragraph 18 are not legal conclusions, HMC/CAH denies those allegations.

19. The allegations in paragraph 19 are legal conclusions to which no response is required. To the extent that the allegations in paragraph 19 are not legal conclusions, HMC/CAH denies those allegations.

20. The allegations in paragraph 20 are legal conclusions to which no response is required. To the extent that the allegations in paragraph 20 are not legal conclusions, HMC/CAH denies those allegations.

21. The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent that the allegations in paragraph 21 are not legal conclusions, HMC/CAH denies those allegations.

22. HMC/CAH denies all allegations not specifically admitted.

## **AFFIRMATIVE DEFENSES**

23. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

24. FCOA's claims are barred, in whole or in part, by its failure to take reasonable steps to mitigate its damages, if any.

25. FCOA's claims are barred, in whole or in part, by the doctrine of unclean hands.

26. FCOA's claims are barred, in whole or in part, by the doctrine of waiver and/or equitable estoppel.

27. FCOA's claims are barred, in whole or in part, by the doctrine of laches.

28. FCOA's claims are barred, in whole or in part, because the Agreement was either terminated or revoked.

29. Plaintiff's claims are barred, in whole or in part, because Plaintiff either terminated or revoked the Agreement.

30. Plaintiff's claims are barred, in whole or in part, because of an intervening and superceding cause.

31. Plaintiff's claims are barred, in whole or in part, by the doctrine of novation.

32. Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

33. Plaintiff's claims are barred, in whole or in part, on the basis of substitute contract.

34. Plaintiff's claims are barred, in whole or in part, due to modification

35. HMC/CAH currently has insufficient or information on which to form a belief as to whether it may have additional, and yet unstated, defenses available. HMC/CAH therefore reserves the right to assert additional defenses in the event discovery indicates that additional defenses would be appropriate.

February 12, 2015

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Stephen W. Lemmon*
Stephen W. Lemmon
State Bar No. 12194500
Rhonda Mates
State Bar No. 24040491

111 Congress Avenue, Suite 1400
Austin, Texas 78701
Phone: 512.472.5456
Fax: 512.479.1101
Stephen.Lemmon@huschblackwell.com
Rhonda.Mates@huschblackwell.com

<div style="text-align: right;">

John K. Power, MO #35312
4801 Main Street, Suite 1000
Kansas City, MO  64112
(816) 983-8000
(816) 983-8080 (FAX)
john.power@huschblackwell.com

</div>

ATTORNEYS FOR DEFENDANT HMC/CAH CONSOLIDATED, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 12, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel identified below.  In addition, a copy of the above document was mailed via United States Postal Service to the following:

Ed Walton
Bush & Ramirez, PLLC
5615 Kirby Dr., Suite 900
Houston, TX 77005

*Attorneys for Plaintiff*

                                             */s/ Stephen W. Lemmon*
                                             Stephen W. Lemmon